## COOK v. SEAY. ·

(Court of Civil Appeals of Texas. Amarillo.
March 16, 1912.)

LANDLORD AND TENANT (§ 331*)—CONSTRUC-
TION.

Plaintiff purchased a quarter section from
defendant upon which defendant had sown 37
acres of, wheat, and the parties agreed that
defendant should harvest and thresh the wheat
and pay to plaintiff at the thresher one-third
of the wheat threshed as rent. *Held*, that on
defendant's breach of contract plaintiff could
recover the market value of one-third of the
wheat threshed at the place it was threshed,
with interest thereon from the time of thresh-
ing.

[Ed. Note.—For other cases, see Landlord
and Tenant, Cent. Dig. §§ 1360–1362, 1379–
1387; Dec. Dig. § 331.*]

Appeal from District Court, Hemphill
County; F. P. Greever, Judge.

Action by G. W. Seay against Jim Cook.
From a judgment for plaintiff, defendant
appeals. Affirmed.

See, also, 143 S. W. 676.

J. C. Dial, of Miami, and Hoover & Taylor,
of Canadian, for appellant. Jno. A. Holmes,
of Miami, for appellee.

GRAHAM, C. J. This suit originated in
the justice court of precinct No. 1, Hemphill
county, by appellee, G. W. Seay, suing ap-
pellant, Jim Cook, for the sum of $115.75,
with 6 per cent. interest from June 30, 1910.
On July 25, 1910, appellee recovered in said
justice court a judgment against appellant
for the sum of $115.75, from which judgment
appellant prosecuted an appeal to the dis-
trict court of said county, and on a trial of
the cause on its merits in the district court
on September 6, 1910, before the court with-
out a jury, judgment was rendered in favor
of appellee and against appellant for the sum
of $120.37, with interest at 6 per cent. from
date of said judgment. From this last judg-
ment an appeal has been prosecuted to this
court, and appellant submits same on five
assignments of error indicated below.

At the instance of appellant, the trial
court prepared and filed below his findings of
fact and conclusions of law, as follows:

"Findings of Facts.—(1) I find that on or
about October 1, 1909, plaintiff purchased
from defendant, Jim Cook, 160 acres of land,
situated in Hemphill county, Tex., upon
which land defendant had sown 37½ acres
of wheat, and that after the purchase of said
land by plaintiff, the plaintiff and defendant
entered into a contract, by the terms of
which defendant was to have 37½ acres of
wheat, harvest and thresh the same, and
pay to plaintiff at the thresher and as soon
as the wheat was threshed one-third of the
amount of wheat threshed off of said land
as rent. (2) I find that the defendant har-
vested said crop and threshed the same
about the 30th day of June, 1910, and that
said crop produced 450 bushels of wheat;

that plaintiff was at said thresher to re-
ceive one-third of the wheat; and that de-
fendant refused to deliver to him any part
thereof. (3) I further find that the market
value of this wheat was 90 cents per bushel
at the thresher, and that one-third of the
450 bushels produced would amount to 150
bushels, the amount claimed by plaintiff as
rent.

"Conclusions of Law—I conclude as a mat-
ter of law that the plaintiff was entitled
under his contract with defendant to one-
third of the wheat threshed as rent, and, the
defendant having refused to deliver one-third
thereof to plaintiff, the plaintiff would be en-
titled to a judgment against defendant for
the market value of one-third of the wheat
(150 bushels) at the place where same was
threshed, with interest thereon from June
30, 1910. (2) The plaintiff, having sued for
one-third of the amount of wheat threshed
at the market value of 75 cents per bushel,
would be entitled to recover from defendant
for 150 bushels of wheat at 75 cents per
bushel, amounting to $112.50, with inter-
est thereon from June 30, 1910, at 6 per
cent. making a total judgment in favor of
the plaintiff and against the defendant in the
sum of $120.37."

There is also a statement of facts on file
in this court, agreed to by counsel for ap-
pellant and appellee, and approved by the
trial court, which shows to have been filed
in the court below within the proper time.

Appellant's assignments of error are as
follows: "No. 1. The court erred in his first
finding of fact. No. 2. The court erred in his
second finding of fact. No. 3. The court
erred in his third finding of fact. No. 4. The
court erred in his first conclusion of law.
No. 5. The court erred in his second con-
clusion of law."

We have examined carefully the statement
of facts in connection with appellant's con-
tentions made under his first, second, and
third assignments of error, and find no merit
in either of said assignments.

While there is some conflict in the evi-
dence on the issues of fact disposed of by the
trial court, we find ample evidence in the
statement of facts to sustain each finding of
fact made by the trial court, and we there-
fore adopt the trial court's findings of fact
as copied above.

We have also examined the findings of
fact as made by the trial court in connection
with the trial court's conclusions of law as
a means of properly disposing of appellant's
fourth and fifth assignments of error, and
have concluded that the findings of fact as
made by the trial court are abundantly suffi-
cient to support the conclusions of law reach-
ed and copied above.

We also believe that the trial court's find-
ings of fact and conclusions of law support
the judgment rendered below, and while ap-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

pellee urges on this court that the judgment of the trial court under the record should be affirmed with 10 per cent. damages, we have reached the conclusion not to allow the damages as asked, but, finding no error in the record for which the judgment should be reversed, the same will be in all things affirmed, and it is so ordered.